```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x
SILVIA SEIJAS et al.,

                Plaintiffs,

      – against –

REPUBLIC OF ARGENTINA,

               Defendant.
-------------------------------------x
SILVIA SEIJAS et al.,

                Plaintiffs,

      – against –

REPUBLIC OF ARGENTINA,

                Defendant.
-------------------------------------x
CESAR RAUL CASTRO,

                Plaintiff,

      – against –

REPUBLIC OF ARGENTINA,

                Defendant.
-------------------------------------x
HICKORY SECURITIES, LTD.,

                Plaintiffs,

      – against –

REPUBLIC OF ARGENTINA,

                Defendant.
-------------------------------------x

04 Civ. 400 (TPG)

**ORDER**

04 Civ. 401 (TPG)

04 Civ. 506 (TPG)

04 Civ. 936 (TPG)

```
------------------------------------------x
ELIZABETH ANDREA AZZA et al.,             :
                                          :
                       Plaintiffs,        :
                                          :     04 Civ. 937 (TPG)
            – against –                   :
                                          :
REPUBLIC OF ARGENTINA,                    :
                                          :
                       Defendant.         :
------------------------------------------x
ELIZABETH ANDREA AZZA et al.,             :
                                          :
                       Plaintiffs,        :
                                          :     04 Civ. 1085 (TPG)
            – against –                   :
                                          :
REPUBLIC OF ARGENTINA,                    :
                                          :
                       Defendant.         :
------------------------------------------x
EDUARDO PURICELLI,                        :
                                          :
                       Plaintiffs,        :
                                          :     04 Civ. 2117 (TPG)
            – against –                   :
                                          :
REPUBLIC OF ARGENTINA,                    :
                                          :
                       Defendant.         :
------------------------------------------x
REUBEN DANIEL CHORNY,                     :
                                          :
                       Plaintiffs,        :
                                          :     04 Civ. 2118 (TPG)
            – against –                   :
                                          :
REPUBLIC OF ARGENTINA,                    :
                                          :
                       Defendant.         :
------------------------------------------x
```

Plaintiffs in these actions hold judgments against the Republic of Argentina. On July 13, 2009, plaintiffs moved to compel the Republic to turn over all property held in the United States by Aerolíneas Argentinas ("Aerolíneas"). The Republic opposes the motion. The motion is denied.

A similar application to restrain Aerolíneas assets was previously filed by the plaintiffs in <u>Lightwater v. Republic of Argentina</u> (02 Civ. 3804) and <u>Old Castle v. Republic of Argentina</u> (02 Civ. 3808), and was denied by the court on April 2, 2009. As in those cases, the court has determined that (1) Aerolíneas is an instrumentality of the Republic entitled to a presumption of independent status; (2) Aerolíneas is not the alter ego or agent of the Republic; and (3) the recognition of the independent status of Aerolíneas will not work a fraud or injustice against the Republic's creditors. Therefore, under the Supreme Court's decision in <u>First National City Bank v. Banco Para el Comercio Exterior de Cuba</u> ("<u>Bancec</u>"), 462 U.S. 611 (1983), the Aerolíneas assets are not available to satisfy judgments against the Republic.

Plaintiffs do not dispute that Aerolíneas is an instrumentality of the Republic and is therefore presumptively independent. They claim instead that the Republic controls Aerolíneas so extensively that it is abusing the corporate form, and that an alter ego finding is therefore justified. They also argue that recognizing the airline's independent status would work a fraud or injustice against the Republic's creditors.

In Bancec, the Supreme Court held that "a presumption of independent status" attaches to "instrumentalities established as juridical entities distinct and independent from their sovereign." 462 U.S. 611, 626-27 (1983). However, that presumption may be overcome either when the instrumentality "is so extensively controlled by [the government] that a relationship of principal and agent is created," or when a distinction would work a fraud or injustice against the government's creditors. Id. at 629.

The principal-agent exception of Bancec has generally been characterized as referring to the question of whether the instrumentality is an "alter ego" of the sovereign, and can be satisfied if (1) the instrumentality was established to shield the sovereign from liability, (2) the sovereign ignored corporate formalities in running the instrumentality, (3) the sovereign exercised excessive control over the instrumentality, or (4) the sovereign has directed the instrumentality to act on its behalf, and the instrumentality has done so. An alter ego finding is not, however, justified merely because the sovereign wholly owns the instrumentality, exercises its power as a controlling shareholder, uses the instrumentality's assets and facilities, or has the legal power to terminate the instrumentality's existence. See De Letelier v. Republic of Chile, 748 F.2d 790, 794-95 (2d Cir. 1984); LNC Inv., Inc. v. Republic of Nicar., 115 F. Supp. 2d 358, 363 (S.D.N.Y. 2000), aff'd sub nom. LNC Inv., Inc. v. Banco Central de Nicar., 228 F.3d 423 (2d Cir.

2000) (per curiam); William Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 139 (2d Cir. 1991); Transamerica Leasing, Inc. v. La Republica de Venezuela, 200 F.3d 843, 848-50 (D.C. Cir. 2000).

Plaintiffs argue that Aerolíneas is the alter ego of the Republic because it owns almost 100% of the airline's stock, has invested hundreds of millions of dollars in the airline, and is actively overseeing Aerolíneas operations. These elements do not suffice to establish an alter ego or principal-agent relationship. First, the Republic's near-100% ownership of Aerolíneas stock does not, on its own, support an alter ego finding. Second, there is no evidence that the Republic has manifested any intent for Aerolíneas to act as its agent, or that Aerolíneas agreed to do so. Third, plaintiffs have offered no evidence that the Republic exercises excessive control over the operations of the company. The role of Republic officials in approving airplane purchases and other large investments in the airline does not amount to the type of day-to-day control necessary to make an alter ego finding.

Finally, there is no evidence that the Republic is abusing the corporate form with regard to Aerolíneas or disregarding corporate formalities. The history of the airline's conversion into a government instrumentality suggests that the Republic was merely trying to assure the company's survival—not that it was using Aerolíneas to shield the Republic from liability. Indeed, since the Republic has been pouring

money into Aerolíneas, this situation is the opposite of the typical alter ego relationship, where a sham entity is left underfunded by its principals.

Separately, plaintiffs argue that enforcing the Bancec presumption would work a fraud or injustice. Their sole basis for this argument is that the Republic has evaded payment of its debts. However, that alone is not a sufficient basis to ignore the independent status of Aerolíneas and allow its assets to be used to satisfy the Republic's debts.

In light of the above discussion, the court need not reach the Republic's additional contention that the motion is procedurally flawed because plaintiffs failed to commence a separate turnover proceeding.

For the reasons stated above, plaintiffs' motion is denied.

SO ORDERED.

Dated: New York, New York
       August 19, 2009

*Thomas P. Griesa*
Thomas P. Griesa
U.S.D.J.