UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
SILVIA SEIJAS, HEATHER M. MUNTON :
and THOMAS L. PICO ESTRADA, :
:
     Plaintiffs, :
: 04 Civ. 400 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, : **RESTRAINING**
: **NOTICE TO GARNISHEE**
     Defendant :
--------------------------------x
SILVIA SEIJAS, EMILIO ROMANO, :
RUBEN WEISZMAN, ANIBAL CAMPO, :
and MARIA COPATI, :
:
     Plaintiffs, :
: 04 Civ. 401 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
     Defendant :
--------------------------------x
CESAR RAUL CASTRO :
:
     Plaintiffs, :
: 04 Civ. 506 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
     Defendant :
--------------------------------x
HICKORY SECURITIES LTD., :
:
     Plaintiffs, :
: 04 Civ. 936 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
     Defendant :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/10

------------------------------------x
ELIZABETH ANDREA AZZA, CLAUDIA :
FLORENCIA VALLS, and HICKORY :
SECURITIES LTD., :
:
    Plaintiffs, :
: 04 Civ. 937 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
    Defendant :
------------------------------------x
ELIZABETH ANDREA AZZA, RODOLFO :
VOGELBAUM, and HICKORY :
SECURITIES LTD., :
:
    Plaintiffs, :
: 04 Civ. 1085 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
    Defendant :
------------------------------------x
EDUARDO PURICELLI, :
:
    Plaintiffs, :
: 04 Civ. 2117 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
    Defendant :
------------------------------------x
RUBEN DANIEL CHORNY, :
:
    Plaintiffs, :
: 04 Civ. 2118 (TPG)
v. :
:
THE REPUBLIC OF ARGENTINA, :
:
    Defendant :
------------------------------------x

TO: **[Bank]**
[Address]

WHEREAS in an action in the United States District Court for the Southern District of New York between Lead Plaintiffs/Judgment Creditors, ("Plaintiffs") and The Republic of Argentina, ("Argentina"), being all of the parties named in the said action, several judgments were entered in an action in the United States District Court for the Southern District of New York ("Judgments") between the Plaintiffs and Defendant Argentina on January 8, 2009 awarding Plaintiffs the aggregate amount of $2,243,075,681.00 plus interest therefrom. The amount of $2,243,075,681.00 remains due and unpaid, and

WHEREAS it appears that you owe a debt to the judgment debtor Argentina or are in possession or in custody of property in which the judgment debtor Argentina has an interest, to wit: funds held by you in an account for, or for the benefit of, the judgment debtor, Argentina, TAKE NOTICE that pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules applicable thereunder and as set forth in full below, you are hereby forbidden to make or suffer any sale, assignment, or transfer of or interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided, and

TAKE FURTHER NOTICE that this notice also covers all property wherever located in the U.S. in which the judgment debtor Argentina has an interest hereafter coming into your possession or custody and all debts hereafter coming due from you to the judgment debtor Argentina.

NEW YORK CIVIL PRACTICE LAW AND RULES SECTION 5222(b)

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining

3

notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor,' shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with$_4$ any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

TAKE FURTHER NOTICE that disobedience of this Restraining Notice is punishable as contempt of court.

Dated: May 24, 2010
New York, New York

*Thomas P. Griesa*
UNITED STATES DISTRICT JUDGE

4