- 4 -

EXHIBIT A

- 4 -
EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
   SILVIA SEIJAS, et al,                                        :      04 Civ. 400 (TPG)
                                 Plaintiffs,     :
             -against-                                         :
                                                                  :
   THE REPUBLIC OF ARGENTINA,                :
                                        Defendant.    :
------------------------------------------------------------------------x
   SILVIA SEIJAS, et al,                                        :      04 Civ. 401 (TPG)
                                 Plaintiffs,     :
             -against-                                         :
   THE REPUBLIC OF ARGENTINA,                :
                                        Defendant.    :
------------------------------------------------------------------------x
   CESAR RAUL CASTRO,                             :      04 Civ. 506 (TPG)
                                 Plaintiffs,     :
             -against-                                       :
   THE REPUBLIC OF ARGENTINA,                :
                                        Defendant.    :
------------------------------------------------------------------------x
   HICKORY SECURITIES LTD.,                   :      04 Civ. 936 (TPG)
                                 Plaintiffs,     :
             -against-                                       :
   THE REPUBLIC OF ARGENTINA,                :
                                        Defendant.    :
------------------------------------------------------------------------x
   ELIZABETH ANDREA AZZA, et al,          .      04 Civ. 937 (TPG)
                                 Plaintiffs,     :
             -against-                                       :
   THE REPUBLIC OF ARGENTINA,                :
                                        Defendant.    :
------------------------------------------------------------------------x
   ELIZABETH ANDREA AZZA, et al.,          :      04 Civ. 1085 (TPG)
                                 Plaintiffs,     :
             -against-                                       :
   THE REPUBLIC OF ARGENTINA,                :
                                        Defendant.    :
------------------------------------------------------------------------x
   EDUARDO PURICELLI,                             :      04 Civ. 2117 (TPG)

|                                    |   |                  |
|------------------------------------|---|------------------|
|                          Plaintiff, | : |                  |
| -against-                          | : |                  |
|                                    | : |                  |
| THE REPUBLIC OF ARGENTINA,         | : |                  |
|                          Defendant. | : |                  |
|------------------------------------|---|------------------|
| RUBEN DANIEL CHORNY,               | : | 04 Civ. 2118 (TPG) |
|                          Plaintiff, | : |                  |
| -against-                          | : |                  |
|                                    | : |                  |
| THE REPUBLIC OF ARGENTINA,         | : |                  |
|                          Defendant. | : |                  |

**[proposed] ORDER AND PRELIMINARY INJUNCTION**

**WHEREAS**, Plaintiffs in the above-captioned class actions (the "Plaintiff Classes") have moved pursuant to Rules 23 and 65 of the Federal Rules of Civil Procedure, and the Court's inherent equitable powers, for a preliminary injunction to enjoin the Republic of Argentina ("Argentina") from violating its *pari passu* obligations under Paragraph 1(c) of the 1994 Fiscal Agency Agreement ("FAA").

Upon consideration of the Plaintiff Classes' motion, the response of Argentina thereto, and the Plaintiff Classes' reply, and all other arguments submitted to the Court in the parties' papers and at oral argument, it is HEREBY ORDERED that:

1. **It is DECLARED, ADJUDGED, and DECREED** that the Plaintiff Classes are irreparably harmed by and have no adequate remedy at law for Argentina's ongoing violations of Paragraph 1(c) of the FAA, and that the equities and public interest strongly support issuance of equitable relief to prevent Argentina from further violating Paragraph 1(c) of the FAA, in that:

    a. Absent equitable relief, the Plaintiff Classes would suffer irreparable harm, because Argentina's payment obligations to the Plaintiff Classes would remain debased of their contractually-guaranteed status, and the Plaintiff

    Classes would never be restored to the position they were promised that they would hold relative to other creditors in the event of default.

b. There is no adequate remedy at law for Argentina's ongoing violations of Paragraph 1(c) of the FAA because Argentina has made clear—indeed, it has codified in Law 26,017 and Law 26,547—its intention to defy any money judgment issued by this Court.

c. The balance of the equities strongly supports this Order in light of the clear text of Paragraph 1(c) of the FAA and Argentina's repeated failures to make required payments to the Plaintiff Classes. In the absence of the equitable relief provided by this Order, Argentina will continue to violate Paragraph 1(c) with impunity, thus subjecting the Plaintiff Classes to harm. On the other hand, the Order requires of Argentina only that which it promised the Plaintiff Classes and similarly situated creditors to induce those creditors to purchase Argentina's bonds. Because Argentina has the financial wherewithal to meet its commitment of providing equal treatment to both the Plaintiff Classes (and similarly situated creditors) and those owed under the terms of the Exchange Bonds, it is equitable to require it to do so. Indeed, equitable relief is particularly appropriate here, given that Argentina has engaged in an unprecedented, systematic scheme of making payments on other external indebtedness, after repudiating its payment obligations to the Plaintiff Classes, in direct violation of its contractual commitment set forth in Paragraph 1(c) of the FAA.

d. The public interest of enforcing contracts and upholding the rule of law will

be served by the issuance of this Order, particularly here, where creditors of Argentina have no recourse to bankruptcy regimes to protect their interests and must rely upon courts to enforce contractual promises. No less than any other entity entering into a commercial transaction, there is a strong public interest in holding Argentina to its contractual obligations.

2. Argentina accordingly is PRELIMINARILY ENJOINED from violating Paragraph 1(c) of the FAA, including by making any payment under the terms of the Exchange Bonds without complying with its obligation pursuant to Paragraph 1(c) of the FAA by concurrently or in advance making a Ratable Payment to the Plaintiff Classes as follows:

   a. Whenever Argentina pays any amount due under terms of the bonds or other obligations issued pursuant to Argentina's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), Argentina shall concurrently or in advance make a "Ratable Payment" (as defined below), calculated based on the maximum potential size of the Plaintiff Classes, to Plaintiff Classes, provided however that such Ratable Payment shall be held in escrow accounts to be designated by Class Counsel for the benefit of the Plaintiff Classes pending final judgments and proof of Class membership.

   b. Such "Ratable Payment" that Argentina is ORDERED to make to the Plaintiff Classes shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to the Plaintiff Classes

including pre-judgment interest (the "Class Bonds").

c. The total amount currently due to the Plaintiff Classes shall be calculated for purposes of this Preliminary Injunction only as the principal amounts still outstanding after the 2005 and 2010 exchanges, less any principal amounts still outstanding and at issue in any separate lawsuit or arbitration filed before April 24, 2014, plus applicable contractual and statutory interest. Counsel for Argentina is ORDERED to confer with Class Counsel to calculate the amount due under this formula with respect to any Ratable Payment to be made.

d. The "Payment Percentage" for the Ratable Payment shall be the fraction calculated by dividing the amount actually paid or which Argentina intends to pay under the terms of the Exchange Bonds by the total amount then due under the terms of the Exchange Bonds.

e. Within three (3) days of the issuance of this ORDER, Argentina shall provide copies of this ORDER to all participants in the payment process of the Exchange Bonds ("Participants"). Such Participants shall be bound by the terms of this ORDER as provided by Rule 65(d)(2) and prohibited from aiding and abetting any violation of this ORDER, including any further violation by Argentina of its obligations under Paragraph 1(c) of the FAA, such as any effort to make payments under the terms of the Exchange Bonds without also concurrently or in advance making a Ratable Payment to the Plaintiff Classes.

f. "Participants" refer to those persons and entities who act in active concert or participation with Argentina, to assist Argentina in fulfilling its payment

obligations under the Exchange Bonds, including: (1) the indenture trustees or registrars under the Exchange Bonds (including but not limited to The Bank of New York Mellon f/k/a/ The Bank of New York); (2) the registered owners of the Exchange Bonds and nominees of the depositaries for the Exchange Bonds (including but not limited to Cede & Co. and The Bank of New York Depositary (Nominees) Limited) and any institutions which act as nominees; (3) the clearing corporations and systems, depositaries, operators of clearing systems, and settlement agents for the Exchange Bonds (including but not limited to the Depository Trust Company, Clearstream Banking S.A., Euroclear Bank S.A./N.V. and the Euroclear System); (4) trustee paying agents and transfer agents for the Exchange Bonds (including but not limited to The Bank of New York (Luxembourg) S.A. and The Bank of New York Mellon (including but not limited to the Bank of New York Mellon (London)); and (5) attorneys and other agents engaged by any of the foregoing or Argentina in connection with their obligations under the Exchange Bonds.

g. Nothing in this ORDER shall be construed to extend to the conduct or actions of a third party acting solely in its capacity as an "intermediary bank," under Article 4A of the U.C.C. and N.Y.C.L.S. U.C.C. § 4-A-104, implementing a funds transfer in connection with the Exchange Bonds.

h. Any non-party that has received proper notice of this ORDER, pursuant to Rule 65(d)(2), and that requires clarification of its duties, if any, under this ORDER may make an application to this Court, with notice to Argentina and

      the Plaintiff Classes.  Such clarification will be promptly provided.

      i.    Concurrently or in advance of making a payment on the Exchange Bonds, Argentina shall certify to the Court and give notice of this certification to its Participants, and to Class Counsel, that Argentina has satisfied its obligations under this ORDER to make a Ratable Payment to the Plaintiff Classes.

3.    The Plaintiff Classes shall be entitled to discovery to confirm the timing and amounts of Argentina's payments under the terms of the Exchange Bonds; the amounts Argentina owes on these and other obligations; and such other information as appropriate to confirm compliance with this ORDER;

4.    Argentina is PROHIBITED from taking action to evade the directives of this ORDER, render it ineffective, or to take any steps to diminish the Court's ability to supervise compliance with the ORDER, including, but not limited to, altering or amending the processes or specific transfer mechanisms by which it makes payments on the Exchange Bonds, without obtaining prior approval by the Court;

5.    This Court shall retain jurisdiction to monitor and enforce this ORDER, and to modify and amend it as justice requires to achieve its equitable purposes and to account for changing circumstances.

Dated:  New York, New York
           _____, 2014

                                        _____
                                            Thomas P. Griesa
                                       United States District Judge