**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1 212 225 2508
E-Mail: cboccuzzi@cgsh.com

LAURENT ALPERT, VICTOR I LEWKOW, LESLIE N SILVERMAN, ROBERT L TORTORIELLO, LEE C BUCHHEIT, JAMES M PEASLEE, THOMAS J MOLONEY, JONATHAN I BLACKMAN, MICHAEL L RYAN, ROBERT P DAVIS, YARON Z REICH, RICHARD S LINCER, STEVEN G HOROWITZ, JAMES A DUNCAN, STEVEN M LOEB, CRAIG B BROD, MITCHELL A LOWENTHAL, EDWARD J ROSEN, LAWRENCE B FRIEDMAN, NICOLAS GRABAR, CHRISTOPHER E AUSTIN, SETH GROSSHANDLER, WILLIAM A GROLL, HOWARD S ZELBO, DAVID E BRODSKY, ARTHUR H KOHN, RICHARD J COOPER, JEFFREY S LEWIS, PAUL J SHIM, STEVEN L WILNER, ERIKA W NIJENHUIS, LINDSEE P GRANFIELD, ANDRES DE LA CRUZ, DAVID C LOPEZ, CARMEN A CORRALES, JAMES L BROMLEY, MICHAEL A GERSTENZANG, LEWIS J LIMAN, LEV L DASSIN, NEIL Q WHORISKEY, JORGE U JUANTORENA, MICHAEL D WEINBERGER, DAVID LEINWAND, DIANA L WOLLMAN, JEFFREY A ROSENTHAL, ETHAN A KLINGSBERG, MICHAEL J VOLKOVITSCH, MICHAEL D DAYAN, CARMINE D BOCCUZZI, JR, JEFFREY D KARPF, KIMBERLY BROWN BLACKLOW, ROBERT J RAYMOND, LEONARD C JACOBY, SANDRA L FLOW, FRANCISCO L CESTERO, FRANCESCA L ODELL, WILLIAM L MCRAE, JASON FACTOR, MARGARET S PEPONIS, LISA M SCHWEITZER, JUAN G GIRÁLDEZ, DUANE MCLAUGHLIN, BREON S PEACE, MEREDITH E KOTLER, CHANTAL E KORDULA, BENET J O'REILLY, DAVID AMAN, ADAM E FLEISHER, SEAN A O'NEAL, GLENN P MCGRORY, MATTHEW P SALERNO, MICHAEL J ALBANO, VICTOR L HOU, ROGER A COOPER, AMY R SHAPIRO, JENNIFER KENNEDY PARK, ELIZABETH LENAS, LUKE A BAREFOOT, PAMELA L MARCOGLIESE, PAUL M TIGER, JONATHAN S KOLODNER, DANIEL ILAN, MEYER H FEDIDA, ADRIAN R LEIPSIC, ELIZABETH VICENS, ADAM BRENNEMAN, ARI MACKINNON, JAMES E LANGSTON
RESIDENT PARTNERS

SANDRA M ROCKS, S DOUGLAS BORISKY, JUDITH KASSEL, DAVID E WEBB, PENELOPE L CHRISTOPHOROU, BOAZ S MORAG, MARY E ALCOCK, DAVID H HERRINGTON, HEIDE H ILGENFRITZ, HUGH C CONROY JR, KATHLEEN M EMBERGER, WALLACE L LARSON JR, AVRAM E LUFT, ANDREW WEAVER, HELENA K GRANNIS, GRANT M BINDER, JOHN V HARRISON, CAROLINE F HAYDAY, DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

April 7, 2015

BY ECF

The Honorable Thomas P. Griesa
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - Room 1630
New York, New York 10007

> Re: *Seijas v. Republic of Argentina*, No. 04-cv-400 (TPG);
> *Seijas v. Republic of Argentina*, No. 04-cv-401 (TPG);
> *Castro v. Republic of Argentina*, No. 04-cv-506 (TPG);
> *Hickory Securities, Ltd. v. Republic of Argentina*, No. 04-cv-936 (TPG);
> *Valls v. Republic of Argentina*, No. 04-cv-937 (TPG);
> *Azza v. Republic of Argentina*, No. 04-cv-1085 (TPG);
> *Puricelli v. Republic of Argentina*, No. 04-cv-2117 (TPG);
> *Chorny v. Republic of Argentina*, No. 04-cv-2118 (TPG)

Dear Judge Griesa:

      I write in response to plaintiffs' letter of March 26, 2015, requesting that the Court consider their motions for preliminary *pari passu* injunctions "along with" the recently-filed "me too motions" seeking declaratory relief. Plaintiffs' actions and motions are fundamentally different from the motions of the "me too" plaintiffs, and the Republic of Argentina (the "Republic") respectfully requests that the Court deny plaintiffs' request.

      As an initial matter, the Court should not consider plaintiffs' motions for class-wide injunctive relief while the propriety of their class definition is pending before the Court of Appeals, particularly after the Second Circuit took the rare step of granting the Republic leave pursuant to Rule 23(f) to appeal the Orders certifying plaintiffs' classes. *See, e.g.*, Order, *Seijas v. Republic of Argentina*, No. 14-1444 (2d Cir. June 18, 2014), ECF No. 24; Order, *Brecher v.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE

Hon. Thomas P. Griesa, p. 2

*Republic of Argentina*, No. 14-3409 (2d Cir. Nov. 25, 2014), ECF No. 25. If plaintiffs' classes survive the Second Circuit's review, the Court could *then* consider whether class-wide relief is appropriate. Considering plaintiffs' motions along with the me-too plaintiffs' motions would be an inefficient use of the Court's and the parties' resources and would only further delay the resolution of these cases.

Even setting aside the pending appeal, plaintiffs' motions for injunctive relief should not be heard at this time because the classes remain completely undefined at this juncture. Following the modification of the class definition, plaintiffs initially moved to send out class notice to the "new" class – although to whom that notice would be sent remains a mystery – and then agreed to defer that motion pending the outcome of the Rule 23(f) appeals in the Second Circuit. *See, e.g.*, Letter from J. Scullion to Judge Griesa, *Seijas, et al. v. Republic of Argentina*, No. 04 Civ. 400 (TPG) (Dec. 23, 2014 S.D.N.Y.), ECF No. 247. It would be error to adjudicate the ultimate relief sought in the case before the purported class has received notice and an opportunity to opt out. This is particularly so here where plaintiffs are demanding the "ratable payment" remedy without knowing the identity of the class members, rendering the amount of that ratable payment incalculable. *See Seijas v. Republic of Argentina*, 606 F.3d 53, 58-59 (2d Cir. 2010) (vacating aggregate class judgments on behalf of unknown classes where the judgments bore "little or no relationship to the amount of economic harm actually caused by defendants").

Even if the Court is inclined to consider plaintiffs' motions before the Second Circuit rules on the pending appeal, they are fundamentally different from the me-too plaintiffs' motions and must stand or fall on their own merits.

*First*, unlike the me-too plaintiffs, plaintiffs here failed to plead in their complaints either a violation of the *pari passu* clause or any factual allegations that would justify granting the extraordinary remedy that they seek. Plaintiffs are not entitled to an injunction purporting to remedy an injury they did not allege occurred. *See* Mem. of Law of the Republic of Argentina in Opp'n To Pls.' Mot. For a Prelim. Inj. at 6-7, *Seijas v. Republic of Argentina*, No. 04 Civ. 400 (TPG) (S.D.N.Y. Aug. 29, 2014), ECF No. 241.

*Second*, and again unlike the me-too plaintiffs, one of the bond series on which plaintiffs here brought suit was issued pursuant to the *1993* Fiscal Agency Agreement, *which does not contain a* pari passu *clause. Id.*

*Finally*, the me-too plaintiffs moved for declaratory judgments while plaintiffs here moved for injunctions. These remedies are governed by different legal standards, *Steffel v. Thompson*, 415 U.S. 452, 471 (1974) (injunctive relief unavailable in some cases in which declaratory relief would be appropriate), and considering the motions together would be error. The practical impact of the existing *pari passu* injunctions has become clear since they went into effect this past June. They did not "end" the litigation as plaintiffs (the "Injunction Plaintiffs") had assured the Court that they would when they asked for that extraordinary relief. *See* Feb. 23, 2012 Hr'g Tr. at 44:11-23. Nor have they otherwise furthered a resolution of these disputes,

given the legal and other financial constraints faced by the Republic and the inordinate leverage these unprecedented orders give to the Injunction Plaintiffs.  The "relief" obtained by the Injunction Plaintiffs was not and could not have been anticipated by anyone when the Injunction Plaintiffs' 1994 Fiscal Agency Agreement ("1994 FAA") bonds were issued or when the Republic's Exchange Offers were made and accepted by over 92% of eligible debt, including the vast majority of 1994 FAA bondholders.  Rather, as the Republic has at all times argued, including when asking for a stay, the injunctions have had only a negative effect:  they have created *more* litigation, and for nine months now have prevented the third-party Exchange Bondholders from receiving the interest payments to which they are indisputably entitled.  The current equitable landscape thus differs materially from when the Court first entered the existing *pari passu* injunctions.

The Republic respectfully requests that the Court defer consideration of plaintiffs' motions until after the Second Circuit has ruled on the Republic's appeal pursuant to Rule 23(f).  If the Court is inclined to rule on the motions at this time, the Republic requests that the Court consider them independently of the motions for declaratory judgment filed by the me-too plaintiffs.

Respectfully submitted,

Carmine D. Boccuzzi

cc:   Counsel of Record (by ECF)