

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 4, 2016

Honorable Thomas P. Griesa
United States District Court
Southern District of New York, 500 Pearl Street
New York, NY 10007

Jennifer R. Scullion
Member of the Firm
d 212.969.3655
f 212.969.2900
jscullion@proskauer.com
www.proskauer.com

Re:   Schedule for Evidentiary Hearing on Class Damages
      (04cv400, 04cv401, 04cv506, 04cv936, 04cv937, 04cv1085, 04cv2117, 04cv2118)

Dear Judge Griesa:

    We are co-lead counsel to the eight Plaintiff Classes in the "*Seijas*" cases, docket numbers above.

    On April 1, 2016, the Court granted the parties' joint request to take the pending motions off calendar until the Second Circuit rules in the Aurelius appeal. However, the Court also indicated that the evidentiary hearing on class damages would remain on April 26 unless the Court directs otherwise. We respectfully request that the Court allow the parties to confer and propose a new schedule for the evidentiary hearing in view of the Republic's outstanding public tender offer and the pending appeal.

    To date, Class Counsel have received Proofs of Claim and other records from individuals and institutions evidencing more than $290 million in principal amount of bonds continuously held by class members. More Proofs of Claim are arriving every week. However, we are informed that, because the Republic launched its tender offer in the middle of the Proofs of Claim process, some class members have been reluctant to send in a Proof of Claim form in the mistaken belief that doing so constitutes acceptance of the Republic's offer. Additional time is needed to issue a clarifying notice (perhaps with the Republic's assistance) and complete the Proof of Claim process in an orderly fashion and to maximize the opportunity for class members to submit Proofs of Claim.[1]

    The pending appeal only adds to the confusion for class members. Therefore, we believe a clarifying notice should go out only after the Second Circuit rules so that the notice can accurately explain the status of the litigation. Also, as noted in the joint request, the Second Circuit's ruling may impact the settlement positions of the parties. If a settlement is reached, the evidentiary hearing would be unnecessary (or would be subsumed in a Rule 23 class settlement approval process).

Respectfully submitted,

/s/

Jennifer R. Scullion                                                   cc: ECF Counsel of Record

---

[1] We are also awaiting responses to certain subpoenas and letters rogatory important to the evidentiary hearing.