

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------
Silvia Seijas, et al.,                    04 Civ. 400 (LAP)

        Plaintiffs,

  v.

The Republic of Argentina,

        Defendant.
---------------------------------------

Silvia Seijas, et al.,                    04 Civ. 401 (LAP)

        Plaintiffs,

  v.

The Republic of Argentina,

        Defendant.
---------------------------------------

Cesar Raul Castro,                        04 Civ. 506 (LAP)

        Plaintiff,

  v.

The Republic of Argentina,

        Defendant.
---------------------------------------

[captions continued on next page]

```
Hickory Securities Ltd.,                04 Civ. 936 (LAP)

            Plaintiff,
      v.

The Republic of Argentina,

            Defendant.
_____

Claudia Florencia Valls, et al.,        04 Civ. 937 (LAP)

            Plaintiffs,
      v.

The Republic of Argentina,

            Defendant.
_____

Elizabeth Andrea Azza, et al.,          04 Civ. 1085 (LAP)

            Plaintiffs,
      v.

The Republic of Argentina,

            Defendant.
_____
```

[captions continued on next page]

```
Eduardo Puricelli,                    04 Civ. 2117 (LAP)

            Plaintiff,
     v.


The Republic of Argentina,


            Defendant.
_____


Ruben Daniel Chorny,                  04 Civ. 2118 (LAP)

            Plaintiff,
     v.


The Republic of Argentina,            **MEMORANDUM AND ORDER**


            Defendant.
_____
```

LORETTA A. PRESKA, Senior United States District Judge:

Following the Court's March 12, 2018 order [dkt. no. 410], Diaz, Reus, & Targ, LLP ("DRT"), moved for reconsideration. [Dkt. no. 412]. The motion is denied.

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Drapkin v. Mafco Consol. Grp. Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks omitted). Such motions "are properly granted only if there is a showing of: (1) an intervening change

in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." Id. at 696. "Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." Christoforou v. Cadman Plaza N., Inc., 2009 WL 723003 at *7 (S.D.N.Y. Mar. 19, 2009).

Here, in moving for reconsideration, DRT relies on all of the same documents that were before the Court on the underlying motion and now engages in an attempt to relitigate issues already decided. There has been no intervening change in the law. Accordingly, the motion is denied.

DRT also relies on FRCP 60(a) relating to a "clerical mistake" and Local Rule 6.3 relating to matters "overlooked" in the underlying order. Because there was no clerical mistake and counsel point to no matter the Court overlooked, these rules are inapplicable. Finally, the difference between Gleizer's position and DRT's position is estimated to be some $110,000. Such a small disagreement in attorney's fees of this magnitude can hardly constitute manifest justice.

Case 1:04-cv-00400-LAP   Document 438   Filed 06/08/18   Page 5 of 5

CONCLUSION

The motion for reconsideration [dkt. no. 412] is denied.

SO ORDERED.

Dated:   New York, New York
         June 8, 2018

_____
LORETTA A. PRESKA
Senior United States District Judge